UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 23-3102-DMG (SKx)** | Date | June 2, 2023 |
|---|---|---|---|
| Title | *Silvia Regina Lasko, et al., v. AMIP Mgmt., et al.* | Page | 1 of 6 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: [IN CHAMBERS] ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER [11]**

On May 31, 2023, Plaintiffs Silvia Regina Lasko and Imam Keith Alan Lasko, proceeding *pro se*, filed an emergency motion seeking to prevent their removal from a property located in Las Vegas, Nevada, which has recently been sold at a trustee's sale following default on the mortgage and foreclosure. TRO [Doc. # 11.] For the reasons discussed below, the TRO is **DENIED**.

## I.
## BACKGROUND

A.   **Nevada Litigation**[1]

On July 27, 2017, Plaintiffs filed a complaint in Nevada state court, listing their claims as, *inter alia*, "predatory lending fraud," "civil rights violation," "loan origination fraud," "MERS fraud," "illegal collection practices," "foreclosure fraud," and "elder abuse." [Doc. # 1-1 at 1–2.] Defendants included two entities also named as Defendants in the action in this Court: Countrywide Home Loans ("Countrywide") and Caliber Home Loans ("Caliber"). *Id.*

Defendants subsequently removed the case to the District of Nevada. [Doc. # 1.] On October 15, 2019, Plaintiffs filed their first amended complaint ("FAC") in that court. FAC [Doc. # 141]. In the FAC, they claimed that they fell victim to Defendants' allegedly fraudulent and predatory lending schemes when financing their purchase of real property at 8604 Vivid Violet Avenue in Las Vegas, Nevada by way of a deed of trust recorded on August 6, 2007. [*See also* Doc. # 132-1 at 2 (deed of trust).] The deed of trust identified "MERS" as the beneficiary. *Id.*

---

[1] Citations in this section I(A) are to the docket for *Silvia Regina Lasko, et al., v. HSBC, et al.*, Case No. 2:18-cv-1802-GMN-VCF (D. Nev.). Proceedings in that case are proper subject of judicial notice. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). Citations to the record in both cases are to the CM/ECF pagination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-3102-DMG (SKx) | Date | June 2, 2023 |
| Title | *Silvia Regina Lasko, et al., v. AMIP Mgmt., et al.* | Page | 2 of 6 |

Plaintiffs asserted that Countrywide targeted minorities, engaging in a predatory loan scheme to defraud them. FAC at 3. Plaintiff Silvia Lasko claimed that she was never told that she would have to pay interest on the loan or that it would be packaged and sold to investors. Nor was she aware that MERS would be the beneficiary on the loan. *Id.* at 4. Plaintiffs claimed that Caliber, the then-servicer of the loan, continued the fraud using "fake robosigned documents" in Nevada and beginning in July 2018 had threatened to foreclose on the home and to evict Plaintiffs. *Id.* Plaintiff Silvia Lasko admitted that she ceased making payments on the mortgage in September 2010 and asserted that efforts to foreclose (which began in July 2018) were barred by the statute of limitations. *Id.* at 14, 43. She sought an order stopping the foreclosure proceedings. *Id.* at 16.

On September 29, 2020, the District Court dismissed the action. [Doc. # 214.] The District Court categorized the claims as follows: claims relating to the origination of the deed of trust, the packaging of the promissory note as a security sold to investors, and the enforcement of the deed of trust. *Id.* at 4. The Court dismissed the first two categories of claims with prejudice. *Id.* at 6–8. The Court dismissed the third category of claims without prejudice, except that the Court dismissed claims of violation of the statute of limitations and Federal RICO with prejudice. *Id.* at 8. Judgment issued on October 21, 2020. [Doc. # 219.] On March 10, 2022, the Ninth Circuit Court of Appeals affirmed dismissal of the action. [Doc. # 224.]

**B.     Claims in this Court**

Plaintiffs brought this action on April 20, 2023, concerning the same Property in Nevada.[2] Complaint [Doc. # 1]. Just as in the Nevada litigation, they allege that the origination of the deed of trust and the packaging of the promissory note as a security sold to investors were fraudulent. Complaint at 4–7. They have listed the same claims as in the Nevada litigation, as well as "securitization fraud," "deceptive fraudulent" "violation of Homestead Act," "breaking, entering, trespass," "defiling a house of God,"[3] and "personal injury." *Id.* at 1–2.

In addition to Countrywide and Caliber, they bring claims against five entities that were not named in the Nevada Litigation: "FCI Lender Services Inc[], American Mortgage Investment Partners Management, LLC ["AMIP"], . . . Wilmington Savings Fund Society ["WSFS"], FSB[], FAY Ser[v]icing, [and] Quality Loan Service Corp." They claim these entities took over the loan with no legal documents "except a forged photostat that was time barred." *Id.* at 7. Plaintiffs also allege that on April 6, 2023, Defendants entered the Nevada property, where Plaintiff Keith Lasko lives, and they attach a May 3, 2023 notice of trustee's sale of the Property. Complaint at 7, 39.

---

[2] No summonses have yet issued. [*See* Doc. # 10.]

[3] Plaintiffs claim to have a mosque on the Property.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 23-3102-DMG (SKx)** | Date | June 2, 2023 |
|---|---|---|---|
| Title | ***Silvia Regina Lasko, et al., v. AMIP Mgmt., et al.*** | Page | 3 of 6 |

On May 31, 2023, Plaintiffs filed the TRO. They assert that the property was sold a month after they filed their case in federal court and that the purchasers are now seeking to have Plaintiffs removed from the home. TRO at 6. They attach a notice to quit from Defendant WSFS stating that they have three "judicial days"[4] after May 26, 2023 to leave the home. *Id.* at 9.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs the issuance of preliminary injunctive relief. The standard for issuing a temporary restraining order is the same as the standard for issuing a preliminary injunction. *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). Generally, a plaintiff seeking a preliminary injunction must show the following: "(1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest." *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "A preliminary injunction is an extraordinary remedy never awarded as a right." *Winter*, 555 U.S. at 24. Because an injunction is an exercise of a court's equitable authority, it should be invoked "only after taking into account all of the circumstances that bear on the need for prospective relief." *Salazar v. Buono*, 559 U.S. 700, 714 (2010).

Furthermore, because the TRO here has been filed *ex parte*, Plaintiffs must satisfy Rule 65(b) of the Federal Rules of Civil Procedure. That Rule provides that a TRO may be granted

> without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). As the Ninth Circuit has emphasized, the circumstances justifying the issuance of an *ex parte* TRO are extremely limited. *See Reno Air Racing, Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438–439 (1974) ("[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.")).

---

[4] According to the notice, a "judicial day" does not include the day of service, certain unspecified holidays, and weekends. *See* TRO at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-3102-DMG (SKx) | Date | June 2, 2023 |
|---|---|---|---|
| Title | *Silvia Regina Lasko, et al., v. AMIP Mgmt., et al.* | Page | 4 of 6 |

## III.
## DISCUSSION

**A.     Failure to Comply with Procedural Requirements for a TRO**

As a threshold matter, Plaintiffs have failed to give notice of their motion to the parties they seek to restrain. As noted above, Rule 65(b)(1) allows a TRO to issue without written or oral notice to the adverse party or its attorney in only limited circumstances. Similarly, Local Rule 7-19 of this District requires that Plaintiffs make reasonable, good faith efforts orally to advise counsel for Defendants, if known, of the date and the substance of the application and to advise the Court of such efforts and whether Defendants oppose the application. Plaintiffs have complied with neither Rule 65(b)(1) nor Local Rule 7-19. Crucially, they have not certified in writing any efforts to give notice and why notice should not be required. For this reason alone, the TRO is denied.

**B.     Failure to Show a Likelihood of Success on the Merits**

Even setting aside procedural issues, the TRO is deficient on the merits. Because Plaintiffs' complaint does not present viable claims for relief, the Court finds no likelihood of success on the merits. Without any likelihood of success on the merits, the Court will not grant a TRO.

First, Plaintiffs cannot relitigate their claims against Countrywide and Caliber for the origination and "securitization" of the loan and for violation of the statute of limitations—the same claims brought by Plaintiffs against those two Defendants have been dismissed with prejudice in the Nevada Litigation. *See Blonder-Tongue Labs. v. Univ. of Ill. Foundation*, 402 U.S. 313, 323–24 (1971) (setting forth the elements of claim preclusion); *see also Int'l Union v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) (holding that if the claims arise out of the "same transactional nucleus of fact" as litigated in the prior matter claim preclusion prevents re-litigating those claims). The same rule applies to these claims as brought against those in privity with Countrywide and Caliber. *See United States v. Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997). And while Plaintiffs bring claims relating to recent proceedings occurring after the conclusion of the Nevada litigation (a trustee's sale and impending efforts to evict them from the Property), the root of the claims continues to be Plaintiffs' already unsuccessful efforts to prevent foreclosure on the Property and their arguments that the underlying debt is invalid because it was the product of a predatory loan scheme, they were not fully aware of the terms, and the loan was "securitized" and resold. Thus, it would appear that most, if not all, of Plaintiffs' remaining claims are precluded.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-3102-DMG (SKx) | Date | June 2, 2023 |
|---|---|---|---|
| Title | *Silvia Regina Lasko, et al., v. AMIP Mgmt., et al.* | Page | 5 of 6 |

    Moreover, even if claim preclusion does not apply, the allegations against the new servicers lack the specificity[5] required to state viable claims for relief or are plainly not viable claims for relief in federal court. For instance, Plaintiffs broadly allege that these new servicers all conspired with Countrywide and Caliber, but such conclusory allegations are inadequate to allege conspiracy to defraud in federal court. *See Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

    Plaintiffs also appear to assert civil rights violations on the basis that the Property is used as a mosque. But the authority that they cite requires action by a state actor—not a private party, such as a mortgage servicer. *See, e.g., Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (discussing the inquiry into whether a defendant acted under color of state law under the Religious Land Use and Institutionalized Persons Act of 2000 and 42 U.S.C. § 1983). Plaintiffs do not explain how Defendants were state actors.

    Plaintiffs claim that Defendants have failed to provide the original loan documents as required by the Uniform Commercial Code, but the Court is not persuaded, as district courts have generally rejected their "show me the note" argument. *See, e.g., Wallis v. IndyMac Fed. Bank*, 717 F. Supp. 2d 1195, 1200 (W.D. Wash. 2010) (discussing cases). And while Plaintiffs generally allege that the time for the lienholder to foreclose on their Property had long passed, they do not discuss or distinguish well-settled Nevada authority on this point. *See Facklam v. HSBC Bank USA for Deutsche ALT-A Sec. Mortg. Loan Tr.*, 133 Nev. 497, 499 (2017) ("For over 150 years, this court's jurisprudence has provided that lenders are not barred from foreclosing on mortgaged property merely because the statute of limitations for contractual remedies on the note has passed.").

    Finally, the Complaint contains state law claims under California and Nevada law, including trespass and illegal entry into their property and violation of the Unruh Civil Rights Act and Nevada's "Homestead Act." But without viable federal claims, Plaintiffs' state law claims are not appropriate in this Court and cannot form the basis for relief. *See* 28 U.S.C. § 1367(c).[6]

---

[5] To the extent that Plaintiffs specify particular actions taken by the new servicers in the Complaint, those allegations are confined to asserting that Defendant AMIP unlawfully entered the Property on April 6, 2023. Complaint at 26; *see also* TRO at 9 (notice to quit listing Defendant WSFS as the owner of the Property).

[6] The Complaint does not adequately allege that the Court has diversity jurisdiction over this action since one Plaintiff proclaims herself a "California citizen" who brings claims against "California Defendants." *See* 28 U.S.C. § 1332.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 23-3102-DMG (SKx) | Date | June 2, 2023 |
|---|---|---|---|
| Title | *Silvia Regina Lasko, et al., v. AMIP Mgmt., et al.* | Page | 6 of 6 |

### C.   Irreparable Harm

Finally, and as a third reason that a TRO is not appropriate, the Court briefly notes that Plaintiffs have not timely sought injunctive relief, weighing against a finding of irreparable harm. They allege one or more Defendants have threatened foreclosure since July 2018. Plaintiffs have already brought litigation attacking the validity of the lien on their property and the foreclosure proceedings. They waited to file this TRO until May 31, 2023, notwithstanding certain Defendants entering the Property on April 6, 2023, a May 3, 2023 notice of trustee's sale, and the May 26, 2023 notice to quit. This delay weighs against a finding of urgency and irreparable harm. *See Oakland Trib., Inc. v. Chron. Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985).

### IV.
### CONCLUSION

The TRO is respectfully **DENIED**.

**IT IS SO ORDERED**.